IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA KUNTZE, | ) | |
| Plaintiff, | ) ) | No. 02 C 6095 |
| v. | ) ) | Magistrate Judge Mason |
| JO ANNE BARNHART | ) ) | |
| Commissioner of Social Security, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Presently before this Court is plaintiff Sandra Kuntze's Counsel's Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) [33]. For the reasons set forth below, Counsel's motion is granted.

**I.     Procedural and Factual Background**

This case comes before this Court on a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1) ("section 406(b)"). (Pet. Att'y Fee at 1 [33].) Petitioner Ashley Rose ("Attorney Rose") represented Social Security claimant Sandra Kuntze ("Claimant") throughout her case for disability insurance benefits. (Pet'r's Mem. at 1 [33-1].) Initially, the Commissioner of Social Security ("Commissioner") denied Claimant benefits. [17.] On August 26, 2002, Claimant filed a complaint in this Court for Judicial Review of the Commissioner's decision. We reviewed that decision and, on January 20, 2004, remanded this case to the Commissioner for a new hearing and a new decision, pursuant to a joint stipulation by

the parties.  [26,27.]  On April 16, 2004, the parties jointly stipulated to an award of attorney's fees to Attorney Rose under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]  [31.]  Based on that stipulation, this Court awarded Attorney Rose $4,136.79.  [32.]

Claimant prevailed on remand when the Administrative Law Judge issued a partially favorable judgment on April 29, 2005, finding that Claimant was disabled as of March 1, 2002.  (Pet'r's Mem. at Ex. C.)  On July 26, 2005, the Social Security Administration ("Administration") paid Attorney Rose $5,300 (less a $75.00 user fee paid by Attorney Rose, but not collectible from Claimant) in attorney's fees from Claimant's award of past-due benefits.  (Pet'r's Mem. at Ex. F, G.)  This award was for Attorney Rose's post-remand work before the Administration, pursuant to Attorney Rose's fee agreement with Claimant regarding representation before the Administration.  (Pet'r's Mem. at 2, Ex. F.)  On November 18, 2009, the Administration notified Attorney Rose that an additional $7,464.55 was being withheld from Claimant's past-due benefits for any additional fees that Attorney Rose might request for his work before this Court.  (Pet'r's Mem. at Ex. F.)  The $5,300 already paid to Attorney Rose for his work before the Administration and the $7,464.55 currently withheld amount to $12,764.55,[2] which Attorney Rose claims represents 25 percent of Claimant's past-due benefits.  (Pet'r's

---

[1] The EAJA is a fee-shifting statute where the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[2] Attorney Rose has not presented this Court with the total amount of past-due benefits awarded to Claimant.  However, based on his assertions and the exhibits attached to his motion, we adopt his calculation of $12,764.55 as 25 percent of the total past-due benefits awarded to Claimant.

2

Mem. at 2-3.)

On February 4, 2010, Claimant signed a fee agreement with Attorney Rose for his representation of Claimant in federal court. (Pet'r's Mem. at Ex. B.) That agreement stipulated that Attorney Rose would receive 25 percent of any past-due benefits awarded to Claimant as payment for his representation of Claimant in federal court. (*Id.*) Pursuant to this fee agreement, Attorney Rose now requests that this Court award him the $7,464.55 that remains of the 25 percent of Claimant's past-due benefits being withheld by the Administration for his 30.1 hours of work before this Court, less the $4,136.79 EAJA award he has already received. (Pet'r's Mem. at 2, 6.) Therefore, his request amounts to $3,327.76. (*Id.*)

## II. Legal Standard

Section 406 of the Social Security Act governs fees for representing Social Security claimants, both administratively and in federal court. 42 U.S.C. § 406; *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(a) concerns attorney's fees for representation in administrative proceedings, whereas section 406(b) governs fees for representation before a District Court. *Id.* Section 406(b) applies here because Attorney Rose is requesting fees for services performed before this Court. Section 406(b)(1) states the following:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Thus, fees awarded under section 406(b) are charged

3

against the claimant, unlike fees attained under the EAJA, which are charged against the government for taking a position that was not "substantially justified." *Id.*; 28 U.S.C. § 2412(d)(1)(A).

As the statute states, the combination of fees granted under section 406(a) and section 406(b) can never exceed 25 percent of the past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Kopulos v. Barnhart,* 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004) (*citing Gisbrecht*, 535 U.S. at 795-96). Additionally, section 406(b) and the EAJA have been harmonized; though fees may be awarded under both the EAJA and section 406(b), a claimant's attorney must refund the amount of the lesser fee to the claimant. *Gisbrecht*, 535 U.S. at 796.

Even when a contingent-fee agreement complies with the 25 percent cap imposed by section 406(b), courts are called on to assess the reasonableness of such agreements. *Gisbrecht*, 535 U.S. at 807 ("[Section 406(b)] calls for court review of [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."); *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) ("[T]he court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations."). In determining the reasonableness of a particular contingent-fee agreement, courts should consider the time and labor required; the skill required; the amount involved; the result obtained; the experience, ability, and reputation of the attorney; the contingency of the fee; and awards in similar cases. *McGuire*, 873 F.2d at 979, 981, 983; *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005). Finally, the attorney

requesting fees under section 406(b) has the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

### III. Discussion

In this case, the Commissioner has no objection to Attorney Rose's requested fees. (Def.'s Resp. [37].) Similarly, Claimant was given the opportunity to file an objection, but she did not. (Pet. Att'y Fee at 1.) Therefore, this Court has the obligation to determine whether Attorney Rose's requested section 406(b) fee is reasonable. Attorney Rose's requested section 406(b) fee amounts to $7,464.55 for 30.1 hours of work spent on this case while it was before this Court. (Pet'r's Mem. at 2-3, Ex. D.)

We find this fee to be reasonable for the following reasons: the fee is consistent with the agreement entered into by Attorney Rose and Claimant (Pet'r's Mem. at Ex. B); the fee, when added to the $5,300 already awarded by the Commissioner, complies with the 25 percent statutory cap imposed by section 406(b); Claimant has been notified of this motion and has made no objection (Pet. Att'y Fee at 1); and the Commissioner has no objection to such an award (Def.'s Resp.). Furthermore, Attorney Rose successfully won a favorable judgment from this Court in the form of remand, which resulted in an award of benefits to Claimant. (Pet'r's Mem. at 2.); [27.] In addition, as Attorney Rose states in his brief, he has considerable experience handling Social Security disability cases and has practiced in the field of Social Security disability law for twenty-two years. (Pet'r's Mem. at 3); *see McGuire*, 873 F.2d at 979, 981, 983 (this Court is to consider an attorney's experience, reputation, and ability in determining the reasonableness of fees).

The Court also acknowledges that Attorney Rose risked substantial loss due to

5

the contingency nature of his representation in this case.  *See Hussar-Nelson v. Barnhart*, No. 99-0987, 2002 U.S. Dist. LEXIS 22832, at *7 (N.D. Ill. Nov. 19, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard" and "there are no settlements").  Finally, similar fees have been upheld under section 406(b) in this jurisdiction.  *See Hodges-Williams*, 400 F. Supp. 2d at 1100 (awarding attorney $9,275 for 26.5 hours of work before the court).  For the foregoing reasons, we find $7,464.55 to be a reasonable fee for Attorney Rose's 30.1 hours of work before this Court.

## IV.     Conclusion

As Attorney Rose is aware, if he were awarded $7,464.55 for his time before this

Court, he would have to reimburse Claimant the lesser $4,136.79 EAJA award. Given the EAJA offset, the amount payable out of Claimant's past-due benefits under section 406(b) is $3,327.76. Therefore, we grant Attorney Rose's motion for attorney's fees under section 406(b) in the amount of $7,464.55 less his prior EAJA award of $4,136.79, for a total award of $3,327.76. We also order that the remaining $4,136.79 of past-due benefits be released to Claimant.

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: August 5, 2010**